IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYLER S. HARRISON, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 5:20-cv-01879-JMG |
| | : | |
| THE CITY OF LANCASTER, *et al.,* | : | |
|     Defendants. | : | |

### MEMORANDUM OPINION

**GALLAGHER, J.**                                                                                           June 16, 2021

    During an assault by an unknown assailant in a parking garage, Plaintiff Tyler S. Harrison fell from an upper level of the garage and sustained serious injuries. He brought federal and state law claims against the owners of the parking garage—Defendants Lancaster Parking Authority and the City of Lancaster—for not maintaining a safe environment. The complaint was originally filed in state court but later removed by the defendants to federal court after the federal claims were added. Once in federal court, the defendants moved to dismiss the complaint for failing to state a claim. The Court ultimately granted the motion with respect to the federal claims, dismissing them with prejudice, and declined to exercise supplemental jurisdiction over the remaining state law claims. In declining jurisdiction, the Court dismissed the state law claims without prejudice, so that Harrison could pursue those claims in state court.

    Presently before the Court is Harrison's motion for reconsideration. In particular, he requests that the judgment be amended to *remand* his state law claims, rather than *dismiss* them without prejudice. Such an amendment would enable Harrison to continue the litigation that was paused when the defendants removed the case to federal court. The defendants oppose this

request on timeliness and substantive grounds. For the reasons that follow, Harrison's motion is granted.

I.     **DISCUSSION**

    **A. The motion is timely.**

The defendants initially attack Harrison's motion by arguing that it is untimely. *See* ECF No. 42-1, at 3–5. The motion for reconsideration was filed twenty-five days after the memorandum and order dismissing the complaint. The defendants suggest that Harrison only had fourteen days to file a motion for reconsideration, not the twenty-eight days provided for in Rule 59(e) to file motions to alter and amend judgments. They reason that the portion of the order that Harrison challenges—the dismissal *without prejudice*—was not final (because it was not a dismissal *with prejudice*), and therefore Rule 59(e) is inapplicable. Instead, the defendants point to the local rules that allow all other motions for reconsideration to be filed within fourteen days of entry of the order at issue. This argument is unpersuasive.

Rule 59(e) permits motions to alter or amend a judgment to be filed "no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(e). A judgment, for purposes of Rule 59(e), is defined as "any order from which an appeal lies." FED. R. CIV. P. 54(a). Appeals generally may be taken from "all *final* decisions of the district courts." *Aluminum Co. of Am. v. Beazer E. Co.*, 124 F.3d 551, 557 (3d Cir. 1997) (emphasis added) (quoting 28 U.S.C. § 1291). To determine whether an order is "final," courts will look to the order's effect. *Id.* Typically, a final decision will "fully resolve all claims presented to the district court" and leave "nothing further for the district court to do." *Id.* In other words, "if claims remain unresolved and their resolution is to occur *in the district court*," then the order was not final. *Id.* (emphasis added).

The dismissal order at issue here was, undoubtedly, final. Although the state law claims were dismissed without prejudice, it is clear that those claims could only be resolved in *state*, not *federal*, court. Harrison was not granted leave to amend the federal claims, and we declined jurisdiction over the remaining state law claims. No further proceedings were anticipated in federal district court. As such, the dismissal order was a final judgment, and Harrison timely moved for reconsideration under Rule 59(e).

### B. The final order will be amended to remand the state law claims back to state court.

Turning to the merits, the defendants contend that there is no basis for revising the judgment to remand, rather than dismiss, the state law claims. A district court may reconsider and amend a judgment based on "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *In re Processed Eggs Antitrust Litig.*, 962 F.3d 719, 729 (3d Cir. 2020) (quoting *Wiest v. Lynch*, 710 F.3d 121,128 (3d Cir. 2013)). However, reconsideration motions "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting 11 C. Wright & A. Miller, Fed. Prac. & Proc. § 2810.1, at 127–28 (2d ed. 1995)). Granting a motion for reconsideration is "an extraordinary remedy" and should only be done "sparingly." *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999).

Harrison argues that this is one such case. He suggests that amending the judgment from a dismissal of the state claims to a remand is necessary to prevent a manifest injustice. Otherwise, he will be forced to restart this litigation from the very beginning, essentially erasing months of work that was completed prior to removal and potentially creating a statute of

limitations problem.[1] In contrast, a remand would "revive" the state court docket and allow the parties to continue where they left off.

It is well within a district court's discretion to remand a case to state court after having dismissed the federal claims and declined jurisdiction over the state law claims. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 623 (1988).[2] In fact, the Supreme Court has recognized that "a remand may best promote the values of economy, convenience, fairness, and comity." *Id.* at 353. Where these factors support a remand to state court, reconsideration of a dismissal without prejudice may be warranted to prevent a manifest injustice. *Barnhill v. Pregent*, No. 09-0273, 2010 WL 772701 (M.D. Pa. Mar. 1, 2010) [hereinafter *Barnhill I*], *aff'd*, 460 F. App'x 167, 170 (3d Cir. 2012) [hereinafter *Barnhill II*].

Considering the *Carnegie-Mellon* factors in the context of this case, the Court agrees that remand is necessary to avoid a manifest injustice. Judicial economy and convenience strongly favor remand: the parties had already begun litigating the case in state court, and absent remand, the parties would have to start this case from the beginning. For example, Harrison avers that prior to removal, there were pending discovery motions and subpoenas in the state court.

---

[1] Although Harrison argues that his state claims are not time-barred, *see* ECF No. 45-1, at 11–15 (discussing *Artis v. District of Columbia*, 138 S.Ct. 594 (2018), which held that 28 U.S.C. § 1367(d) stops the state limitations clock from the day the claim is filed in federal court and for thirty days postdismissal), he notes that the mechanical run date of the statute of limitations on his state claims has passed, thereby potentially opening up the opportunity for further motion practice and briefing by the parties that could be avoided by a remand.

[2] Following the *Carnegie-Mellon* decision, Congress enacted 28 U.S.C. § 1367(d) to provide a mechanism to toll state limitations periods while state claims are pending in federal court. The defendants suggest that the availability of this tolling provision undermines Harrison's reliance on *Carnegie-Mellon*. Holding that district courts have the discretion to remand state claims after the dismissal of the federal claims that were the basis of removal, the Supreme Court analyzed the benefits of remand in certain circumstances. 484 U.S. at 620–23. In particular, the Supreme Court commented that remand is preferable in cases where the statute of limitations has run on the underlying state claims. *Id.* at 620. At that time, unless there was a state savings clause, dismissal could result in an injustice: the plaintiff would be prevented from litigating timely brought claims if the limitations period expired while the claims were pending in federal court. *Id.* The tolling provision in 28 U.S.C. § 1367(d) seemingly addressed this concern. However, the Supreme Court's reasoning did not stop there. The Court went on to explain that even when the underlying statute of limitations has not expired, remand may still be warranted to "best promote the values of economy, convenience, fairness, and comity." *Id.* at 620.

Remand will save the parties the costs of starting this case anew, including the expense of refiling and rearguing the pending motions and reissuing the subpoenas.[3] Fairness also favors a remand. Harrison originally selected the state court as the preferred forum to litigate his claims. After he amended his complaint to include the federal section 1983 claims, the defendants chose to remove the entire case to federal court. *Cf. Haywood v. Drown*, 556 U.S. 729, 731 (2009) ("[S]tate as well as federal courts have jurisdiction over suits brought pursuant to 42 U.S.C. § 1983. . . ."). They then quickly moved to dismiss all claims in the amended complaint and were ultimately successful with respect to the federal section 1983 claims. To now compel Harrison to start from the beginning and refile his complaint in state court, where he originally attempted to litigate this matter, would be unfair. Therefore, remand is appropriate here. *Barnhill II*, 460 F. App'x at 170 (finding district court's conclusion that "failing to remand the state law claims to state court, where proceedings commenced in 2005, would result in manifest injustice" to be a "sound basis for relief under Rule 59(e)").

## II.     CONCLUSION

For the foregoing reasons, Harrison's motion for reconsideration is granted. An appropriate order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

[3] *See also Carnegie-Mellon*, 484 U.S. at 620 ("Any time a district court dismisses, rather than remands, a removed case involving pendent claims, the parties will have to refile their papers in state court, at some expense of time and money. Moreover, the state court will have to reprocess the case, and this procedure will involve similar costs. Dismissal of the claim therefore will increase both the expense and the time involved in enforcing state law.").